DAVID R. ONGARO, Bar No. 154698
JOHANNA CALABRIA, Bar No. 226222
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendant
COINSTAR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MIKE HARRINGTON, individually, on behalf of others similarly situated, and as a private attorney general on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>COINSTAR, INC., a Delaware corporation, and DOES 1 through 200, inclusive,<br><br>Defendant. | Case No. 2:06-CV-01172-DFL-EFB<br><br>**CLASS ACTION**<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rules Civil Procedure 26(c), the parties hereby request the entry of the following Protective Order Regarding Confidential Information:

1.  The Order shall be applicable to and govern all depositions, documents produced in response to requests for production, answers to interrogatories, responses to requests for admissions, tangible objects, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court, Eastern District of California that any party or third party designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.  A party or third party may designate as "Confidential" any material that the party reasonably believes to constitute or include proprietary business or financial information, or

1  personal information or information furnished to it in confidence by any third-party, which
2  information is not known or freely accessible to the general public.

3       3.      Information or materials designated as "Confidential" may be disclosed to the parties
4  for the purposes of the litigation, but must be protected against disclosure to third parties.  Absent
5  a specific order by this Court, once designated as "Confidential," such designated information shall
6  be used solely in connection with this litigation, and not for any business, competitive,
7  governmental, or other purpose or function, and such information shall not be disclosed to anyone
8  except as provided herein.

9       4.      A party or third party may designate as "Highly Confidential - Attorneys' Eyes
10  Only" any material that the party reasonably and in good faith believes the disclosure of which
11  would result in the disclosure of trade secrets or other highly sensitive research, development,
12  production, personnel, commercial, or business information (including but not limited to proprietary
13  information, contracts, bids, corporate planning documents, strategic planning documents,
14  documents that reveal market or customer analyses, competitive strategy, research and
15  development documents, financial statements, and other financial or budgetary documents).
16  Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those
17  things of a proprietary business, financial, or technical nature that might be of value to a competitor
18  or potential customer of the party or nonparty holding the proprietary rights thereto, and that must
19  be protected from disclosure.  Absent a specific order by this Court, once designated as "Highly
20  Confidential - Attorneys' Eyes Only," such designated information shall be used solely in
21  connection with this litigation, and not for any business, competitive, or governmental purpose or
22  function, and such information shall not be disclosed to anyone except as provided herein.

23       5.      The designation of information or material as "Confidential" or "Highly Confidential
24  - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following
25  manner by the party or nonparty seeking protection:

26       (a)      in the case of documents, exhibits, briefs, memoranda, interrogatory
27  responses, responses to requests for admission, or other materials (apart from depositions or other

28

1  pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any
3  document containing any confidential information or material;

4        (b)    in the case of depositions or other pretrial or trial testimony: (i) by a
5  statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that
6  the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly
7  Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such
8  designation sent by counsel to all parties within fifteen (15) days after the mailing (via overnight
9  mail) to counsel of the transcript of the deposition.  The parties shall treat all deposition and other
10 pretrial and trial testimony as "Highly Confidential - Attorneys' Eyes Only" hereunder until the
11 expiration of fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of
12 the deposition.  Unless so designated, any confidentiality is waived after the expiration of the 15-
13 day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any
14 particular deposition or proceeding through agreement on the record at such deposition or
15 proceeding or otherwise by written stipulation, without further order of the Court.  If any
16 document or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes
17 Only" is used during the course of a deposition, that portion of the deposition record reflecting
18 such confidential information shall be sealed and stamped with the designated degree of
19 confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective
20 Order.

21       (c)    Notwithstanding any of the foregoing, parties or third parties may designate
22 material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at any time after such
23 material is produced.  However, the prior disclosure of material later designated as "Confidential"
24 or "Highly Confidential – Attorneys' Eyes Only" shall not constitute a violation of this Order.  In
25 the event material is disclosed by the receiving party to a third party prior to its designation as
26 "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the receiving party shall make a
27 reasonable effort to notify the third party of the designation, and secure the return of such material
28

[PROPOSED] PROTECTIVE ORDER
Case No. 2:06-CV-01172-DFL-EFB

06cv1172.o.1011.doc

from the third party.   If the third party refuses to return such material, the disclosing party bears the burden of seeking appropriate relief from the Court.

6. When a party wishes to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials produced by another party, such designation shall be made within thirty calendar days (30) of the production of the materials by notice to all parties and to any third-party producing the material.  The notice shall identify the materials to be designated with particularity (by production number or by providing other adequate identifying information).  Such notice shall be sent by facsimile and regular mail.  Upon notice of designation pursuant to this section, all parties subject to this Protective Order receiving notice of the requested designation of materials shall (a) make no further disclosure of the material or information contained therein, except as allowed in this Order; (b) take reasonable steps to notify any persons known to have possession of or access to such materials of the re-designation of any materials; and (c) take reasonable steps to reclaim or prevent access to such material or information in the possession or control of any person not permitted to have access under the terms of this Order.

7. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) employees of the parties, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation;

(c) subject to the provisions of Paragraphs 9 and 10 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.  Outside experts, advisors, and consultants must be retained solely for the

- 4 -

1    purpose of advising and assisting outside counsel or giving expert testimony in this action or any

2    other action between the parties;

3          (d)    the Court, pursuant to Paragraph 12 herein;

4          (e)    court reporters employed in connection with this action;

5          (f)    graphics or design services retained by counsel for a party for purposes of

6    preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this

7    action, subject to and conditioned upon compliance with Paragraph 10 herein;

8          (g)    non-technical jury or trial consulting services retained by counsel for a party,

9    subject to and conditioned upon compliance with Paragraph 10 herein;

10         (h)    federal prosecutors investigating, and members of a grand jury empanelled to

11   investigate, criminal charges related to the allegations in the Complaint;

12         (i)    mediators; and

13         (j)    any other person only upon order of the Court or upon written consent of

14   the party producing the confidential information or material, subject to and conditioned upon

15   compliance with Paragraph 10 herein.

16       8.    Information or material designated as "Highly Confidential - Attorneys' Eyes Only,"

17   or copies or extracts therefrom and compilations and summaries thereof, may be disclosed,

18   summarized, described, characterized, or otherwise communicated or made available in whole or in

19   part only to the following persons:

20         (a)    parties' outside counsel of record in this action and regular and temporary

21   employees of parties' outside counsel to whom it is necessary that the information or material be

22   shown for the purposes of this litigation;

23         (b)    subject to the provisions of Paragraphs 9 and 10 herein, outside experts,

24   advisors, and consultants (including their employees and support staff) retained by counsel of

25   record in this litigation, provided that such experts, consultants, or investigators shall not be

26   employees of a party or otherwise working for or on behalf of a party in connection with that

27   party's business.   Outside experts, advisors, and consultants must be retained solely for the

28

purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

   (c) the Court, pursuant to Paragraph 12 herein;

   (d) court reporters employed in connection with this action;

   (e) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 herein;

   (f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein; and

   (g) federal prosecutors investigating, and members of a grand jury empanelled to investigate, criminal charges related to the allegations in the Complaint;

   (h) mediators; and

   (h) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 10 herein.

   (i) The parties retain the right to move the Court to add additional parties, including without limitation their General Counsel and other in-house legal staff, to this list of persons permitted access to documents and information marked "Highly Confidential – Attorneys Eyes Only." The parties shall have the right to file such a motion at any time, without prejudice.

  9. The undersigned counsel shall maintain a list of persons to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material is disclosed, and such list shall be available for inspection by the Court. The persons receiving "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material are enjoined from disclosing it to any other person, except as permitted by this Order.

  10. A party desiring to disclose documents or things designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to outside experts or consultants under Paragraphs 7(c) or 8(b) herein shall first obtain from each expert or consultant a signed copy of the form

- 6 -

1  attached hereto as Exhibit A (the "Acknowledgement") as well as a current resume (curriculum
2  vitae).  A copy of the Acknowledgment and resume shall be served upon counsel for the
3  designating party with a cover letter identifying each company for whom the expert or consultant
4  has done work in the past five (5) years, is currently engaged in doing work, and has a contract or
5  agreement to do work in the future.  The designating party shall then have five (5) business days
6  from receipt of the Acknowledgment, resume, and cover letter to serve a written objection to such
7  disclosure.  Any written objection shall state with specificity the reason(s) for such objection.
8  Objections to disclosure shall be made only in good faith.  If counsel for the designating party
9  objects within five (5) business days, there shall be no disclosure to such expert or consultant
10 except by the parties' agreement or further order of the Court pursuant to resolution of a motion
11 brought by counsel for the receiving party.  If, within the five (5) business-day period, the
12 designating party objects to the disclosure, counsel shall consult with each other in an attempt to
13 reach an agreement.  Failing that and for good cause shown, the party proposing the expert or
14 consultant may file a motion seeking permission to make the disclosure.  On any such motion, the
15 designating party shall bear the burden of showing why disclosure of "Confidential" or "Highly
16 Confidential – Attorneys' Eyes Only" information to that expert or consultant should be precluded.

17         11.     All persons listed in Paragraphs 7(c), 7(e), 7(f), 7(g), and 7(i) above may be given
18 access to information or material designated as "Confidential," provided that they first confirm their
19 understanding and agreement to abide by the terms of this Protective Order by completing and
20 signing a copy of an undertaking in the form attached hereto as Exhibit A.   Similarly, all persons
21 listed in Paragraphs 8(b), 8(d), 8(e), 8(f), and 8(h) above may be given access to information or
22 material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first
23 confirm their understanding and agreement to abide by the terms of this Protective Order by
24 completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

25         12.     Any person may be examined as a witness at trial or during a deposition concerning
26 any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes
27 Only" which that person had lawfully received or authored prior to and apart from this action.

28

During examination, any such witness may be shown information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness's compliance with Paragraph 11.  The designating party shall have the right to exclude all persons not authorized to have access to information and materials that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" from that portion of the deposition in which "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information is disclosed.

13.     If a party wishes to submit to the Court any document or material that comprises, embodies, summarizes, discusses, or quotes from "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material.  Where reasonably practical, only the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material or those portions of the documents that contain "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material shall be marked as provisionally sealed.  Any such documents shall be served by personal delivery and shall be filed in a sealed envelope which indicates the title of the case, the case number, the title of the document, the legend CONFIDENTIAL and a statement substantially in the following form:

> This envelope contains document subject to a Protective Order of the Court.  It should not be opened nor its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

The party that designated the material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" may file a motion to seal the subject material, pursuant to Local Rule 39-141. The parties agree that such motion may be filed *ex parte* or on shortened time.  By complying with this paragraph, however, no party waives its right to seek relief pursuant to Paragraph 14 of this Protective Order.  Nothing in this section shall prevent a party from filing its own "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material not under seal, or prevent a party from obtaining agreement from the party that designated the material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" that the material need not be filed under seal.

- 8 -

14. A party or third party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge. A party may challenge the other party's designation by serving a written objection upon the producing party. The burden of proving that the information has been properly designated as protected is on the party making such designation. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party, with confidential portions thereof to be filed provisionally under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

15. All "Highly Confidential - Attorneys' Eyes Only" or "Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in this Protective Order.

16. All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order, shall not:

   (a) operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, or proprietary or commercially sensitive information, or any other type of confidential information;

   (b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

   (c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

   (d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   (e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

   (f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

   (g) prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential - Attorneys' Eyes Only"; or

   (h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

  18. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material

designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

    (a)    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

    (b)    is or becomes publicly known through no fault or act of such party; or

    (c)    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

19.    In the event that information requested from a party contains a third-party's confidential or proprietary information, the producing party will make a good faith attempt to obtain consent of the non-party prior to disclosing such information. If the producing party cannot obtain the third-party's consent, the producing party will notify the requesting party of (a) the existence of the information, and (b) the identity of the non-party. If possible, the producing party may also redact the third party's confidential information to protect the third-party's interests. Nothing in this Protective Order shall be interpreted to affect any party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

20.    If a party inadvertently produces "Confidential" or "Highly Confidential -Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it is obvious from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

21.    It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of

1    the parties hereto shall be entitled to seek modification of this Protective Order by application to

2    the Court on notice to the other party hereto for good cause.

3    　　　　22.　　The parties agree to be bound by the terms of this Protective Order pending its entry

4    by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and

5    any violation of its terms shall be subject to the same sanctions and penalties as if the Protective

6    Order had been entered by the Court.

7    　　　　23.　　The provisions of this Protective Order shall, absent written permission of the

8    producing party or further order of the Court, continue to be binding throughout and after the

9    conclusion of this action.  Notwithstanding the parties' continuing obligations to comply with this

10   Protective Order, the Court shall retain jurisdiction to enforce the terms of this order for six months

11   after the final termination of this action, including without limitation any appeals therefrom.  Within

12   sixty (60) days of the final resolution of all related litigation between the parties covered by this

13   Protective Order, all "Confidential" material, all "Highly Confidential – Attorneys' Eyes Only"

14   material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or

15   (2) destroyed.  Counsel and the parties shall certify in writing that they have complied with this

16   section.

17   　　　　24.　　In the event that any information or material designated as "Confidential" or "Highly

18   Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any

19   appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly

20   Confidential – Attorneys' Eyes Only" through such use.  Counsel for the parties shall confer on

21   such procedures as are necessary to protect the confidentiality of any documents, information, and

22   transcripts used in the course of any court proceedings, and shall incorporate such procedures, as

23   appropriate, in the pre-trial order, subject to court approval.

24   　　　　25.　　If any party (a) is subpoenaed in another action, (b) is served with a discovery

25   demand in another action to which it is a party, or (c) is served with any other legal process by one

26   not a party to this action, seeking information or material which was produced or designated as

27   "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party,

28

- 12 -

1  the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10)

2  days of receipt of such subpoena, demand, or legal process, to those who produced or designated

3  the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  Should

4  the person seeking access to the information or material take action against the party or anyone else

5  covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the

6  party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be

7  construed as requiring the party or anyone else covered by this Protective Order to challenge or

8  appeal any order requiring production of information or material covered by this Protective Order,

9  or to subject itself to any penalties for noncompliance with any legal process or order, or to seek

10 any relief from this Court or any other court.  Once notification is given pursuant to this provision,

11 it shall be the obligation of the party or person that designated the information or materials at issue

12 to challenge such a subpoena, demand, or other legal process, and not the obligation of the party or

13 person that received the subpoena, demand, or other legal process.

15 Dated:  October 5, 2006.          **PERKINS COIE LLP**

17                                   By:  _____/s/_____
                                          Johanna Calabria

18                                   Attorneys for Defendantf
                                     COINSTAR, INC.

20 Dated:  October 5, 2006.          **WESTRUP KLICK LLP**

22                                   By:  _____/s/_____
                                          Phillip R. Poliner

23                                   Attorneys for Plaintiff
                                     MIKE HARRINGTON

- 13 -

[PROPOSED] PROTECTIVE ORDER                                             06cv1172.o.1011.doc
Case No. 2:06-CV-01172-DFL-EFB

1 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2 | Dated:  10/10/2006

3 | /s/ David F. Levi
    DAVID F. LEVI
4 | United States District Judge

- 14 -

[PROPOSED] PROTECTIVE ORDER
Case No. 2:06-CV-01172-DFL-EFB

06cv1172.o.1011.doc

EXHIBIT A

**<u>CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL</u>**

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Harrington v. Coinstar, Inc,* Case No. Case No. 2:06-CV-01172-DFL-PAN, pending in the United States District Court for the Eastern District of California. My address is _____. My present occupation is _____.

I have been given a copy of that Protective Order and read it. I agree to be bound by the Protective Order. I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Material – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Material – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Material. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the Protective Order.

Executed this _____ day of _____, 200\_\_, at _____ _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____